

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP–75,580/75,581

### EX PARTE BILLY FREDERICK ALLEN, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS FROM DALLAS COUNTY

**MEYERS, J., filed a dissenting opinion in which Keller, P.J. joined.**

## DISSENTING OPINION

When we issued our opinions in *Ex Parte Elizondo,* 947 S.W.2d 202 (Tex. Crim. App. 1996), and its progeny,[1] we set out specific criteria that should be part of any application for a writ of habeas corpus when an applicant contends that he is "actually innocent" of the crime for which he was convicted.[2]  Two important components of the

---

[1]*See Ex Parte Tuley*, 109 S.W.3d 388 (Tex. Crim. App. 2002).

[2]The basis for this conclusion rests on the proposition that it is still a violation of the constitution to punish an innocent person even though the criminal conviction process was free of any constitutional violations or other fundamental errors.

*Elizondo* criteria are that the evidence be newly discovered and that the evidence is actually exculpatory and not just collateral to the conviction process. *See Ex Parte Franklin*, 72 S.W.3d 671 (Tex. Crim. App. 2002).

Prior to *Elizondo*, there did exist a form of innocence relief under the case law of *Schlup v. Delo*, 513 U.S. 298 (1995), but as we have come to know, this jurisprudence rested upon the conclusion that the applicant's conviction contained a constitutional violation, which if removed, would result in no rational jury finding the applicant guilty. Real innocence of the applicant was not the issue, only that he would have been found not guilty. Unfortunately the majority has incorrectly intertwined the legalities of these two concepts of innocence without any basis in law or in the facts raised in this case.

Billy Frederick Allen is not legally, not factually, not technically, and most of all, not actually innocent. This application is not even in the same zip code as a *Schlup*-type claim, much less any other type of actual innocence claim. For a *Schlup* claim, an applicant must prove that, more likely than not, no reasonable juror would have convicted him in light of the new evidence.

First, this evidence is not new. This "newly discovered evidence" was available to Applicant at the time of trial. The defense had an investigator–a former police officer with almost thirty-years experience–who met with the police, obtained a copy of the police report, and delivered to the defense his own report prior to the trial. At trial, defense counsel raised the issue that the testifying officer lied about the victim naming

Billy Allen as his attacker, and that he had added two pages to his report to bolster this claim after the report was given to the defense. The jury heard this argument but didn't buy it. The paramedic who, at the hearing on the motion for new trial, claimed that he heard the victim say "Billy Wayne Allen" could have been called to testify at the trial, but was not.

Second, this evidence is not exculpatory. This evidence does not indicate Applicant's innocence. The fact that there is a Billy Wayne Allen with whom the victim was also acquainted may have been a factor that would have raised doubt for the jury at the trial, but it does not support an actual-innocence claim. This "new" evidence doesn't even conflict with any of the trial testimony. The testimony at trial was that the victim named "Billy Allen" as one of his attackers. The fact that someone claimed, after the trial, that the victim may have also said a middle name does not negate this testimony or call its veracity into question.[3]

Because this evidence is neither new nor exculpatory, it does not support an actual-innocence claim. While it may have been presented at the trial by the defense as an alternate theory of the crime, it does nothing to negate the evidence against the Applicant that the jury obviously believed when it was presented at the trial. And, although the Applicant postulates that he could not have brought this claim prior to *Elizondo*, that is

---

[3] *Compare Elizondo*, 947 S.W.2d 202, (in which the new evidence contradicted the evidence at trial) *with Franklin*, 72 S.W.3d 671, (in which the new evidence did not conflict with the victim's testimony that she was assaulted by the applicant).

simply not true. Because his claim is couched in terms of ineffective assistance of counsel, he could have brought this claim always under Article 11.07 of the Code of Criminal Procedure.

Finally, counsel's performance at trial and in the motion for new trial did not rise to the level of ineffective assistance. By arguing in closing that the officer had lied and had added pages to his offense report, counsel attempted to rebut the officer's statement that the victim had named Billy Allen as his attacker. In the motion for new trial, Applicant's attorney did not raise evidence regarding the existence of Billy Wayne Allen since counsel knew that, as a matter of law, a lack of diligence on his part would not entitle Applicant to relief. He was right. However, for some reason the majority now says that he should have included it anyway and that not doing so constituted ineffective assistance of counsel. Not including information that was not a basis for granting a new trial sounds like reasonable professional assistance to me. I note that the trial court has never indicated that counsel was ineffective, and has in fact stated explicitly that trial counsel had not been ineffective.

It is clear that the majority wants to give this Applicant a new trial, but it can't find a legitimate reason for doing so. As a result, it has decided to sacrifice ineffective assistance and actual-innocence jurisprudence. I hope Machiavelli was right.

The majority has weighed the evidence and has given more weight to an affidavit by a paramedic stating that the victim included the middle name "Wayne" when

identifying his attacker than it gives to the trial testimony of a police officer, his police report from the night of the offense, and the fingerprint evidence that was presented to and weighed by the jury. Because I strongly disagree with this decision, I respectfully dissent.

Meyers, J.

Filed: February 4, 2009

Do Not Publish